# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| LHF PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-10 <br><br> Defendants. | Case No. 3:16-cv-00748-MHL <br><br> PLAINTIFF LHF PRODUCTIONS, INC.'S MOTION TO CORRECT ORDER AND RECONSIDER RULING ON SEVERENCE <br><br> **[Filed concurrently with LHF Productions Inc.'s Memorandum in Support of Motion]** |

# MOTION TO CORRECT ORDER AND RECONSIDER RULING ON SEVERENCE

On December 22, 2016 this Court acted, sua sponte, to sever all defendants except the first named defendant from this case. Because this Court's Memorandum Opinion (Document 12) (the "Opinion") and Order (Document 13) (the "Order") include both legal and factual errors, Plaintiff LHF Productions, Inc. ("LHF") respectfully files this Motion.

## I. The Order is Legally Erroneous Because it Dismisses Defendants Rather than Merely Sever Them From the Case

Both the Opinion and Order include directives to "sever and **dismiss without prejudice** all defendants except the first named defendant". The dismissal of 9 defendants from this case was erroneous.

LHF acknowledges that pursuant to Fed. R. Civ. P. 21, this Court has authority to sever the 9 defendants, but Fed. R. Civ. P. 21 does not allow for dismissal.

Accordingly, at a minimum the Opinion and Order should be corrected to sever the 9 defendants, but not dismiss the cause of action against them.

## II. Factual Assertions Made in the Opinion are Not Correct and This Case is Distinguishable From Cited Precedent

The Opinion is predicated upon an incorrect statement that "LHF Fails to Allege that the Defendants Participated in the Same Transaction or Occurrence". The Opinion goes on to criticize LHF for allegedly "simply labeling, in a conclusory fashion, the Defendants' conduct as part of the 'same swarm'".

Significantly, the Opinion utterly fails to consider the factual evidence presented by LHF in Document 1-2 filed with the Complaint. Document 1-2 is a printout from the very sophisticated monitoring software of Maverickeye UG that has been used to capture evidence of infringement of LHF's copyright. Document 1-2

evidences that the each of the Defendants named in the original compliant uploaded and downloaded content from the same named file, using the exact same unique file hash, in the same geographic area, on the exact same date. This factual evidence does, in fact, suggest that the original Defendants of this case both shared pieces of the copyrighted material with each other as well as commonly sharing the copyrighted material with third parties. This factual evidence distinguishes this case from those cases cited in the Opinion. None of the cited cases had such evidence of defendants participating in the same transaction or occurrence.

### III. Public Policy Favors Joinder

The Opinion correctly cites to precedent favoring joinder in cases like this, but then proceeds to attempt to distinguish this case from that precedent. However, attempts to distinguish are predicated upon readily distinguishable cases and assertions of fact that are not correct.

Significantly, the Opinion states nothing that supports its contention that severance somehow protects the Defendants of this case "against embarrassment, delay, expense, or other prejudice." The cases cited in support of this contention were readily distinguishable from this case in that they involved the uploading and downloading of adult films. Possessing and viewing such adult films carries a stigma that is simply not present in the cases brought by LHF. LHF seeks recourse for illegal copying of a major action thriller, which had a production budget of $60 million dollars. In addition, there is not even a colorable argument in the Opinion of how being named as individual defendants in a large number of severed cases will reduce "embarrassment, delay, expense, or other prejudice" than would be the case if this case were allowed to proceed without severance.

Federal law protecting LHF's copyright is well established and has developed over a long period of time. The underlying public policies supporting copyright law and its enforcement are similarly well established.

There is simply no factual or legal basis for the assertion in the Order that somehow lawful enforcement of copyright law creates a "potential to coerce unjust settlements". Indeed, courts generally encourage settlements as a matter of public policy. LHF would not have even had a cause of action had its copyright not been widely infringed, including infringement by the Defendants of this case as originally filed.

Totally missing from the Opinion is any mention of the rights of LHF or the responsibility of this Court to enforce federal copyright law.

Lastly, a broad requirement to file individual cases in cases such as those brought by LHF is of no financial benefit to anyone in the long run. While it is true that additional filing fees of $400 per case will be required in severed cases, it is equally true that the cost to this Court for each individual severed case will likely far exceed the $400 filing fee. It is axiomatic that requiring the filing of individual cases against defendants increases the cost to the copyright holder. Each such severed case requires drafting of individualized documents, a court filing fee for each case, a service of process cost for each issued subpoena, and increased costs associated with maintaining multiple case files. In the long run, such cost increases will necessarily be passed on to defendants as increased minimum amounts required for settlement or increased judgment awards if the cases proceed to trial.

In sum, severing defendants in cases like this increase the costs to this Court, the costs of the Plaintiff, and the costs of the defendants.

## IV. Conclusion

For the reasons stated herein the Order should be corrected, pursuant to Fed. R. Civ. P. 21, to reflect severance only and not dismissal.

For the reasons stated herein, the Memorandum Opinion and Order should be withdrawn and the case should be allowed to proceed against all defendants named in the First Amended Complaint filed as Document 11-1 in this case.

DALE JENSEN, PLC
ATTORNEYS AT LAW

3

DATED: December 29, 2016                    Respectfully submitted,

By:   /s/Dale R. Jensen
      Dale R. Jensen (VSB 71109)
      Dale Jensen, PLC
      606 Bull Run
      Staunton, VA  24401
      (434) 249-3874
      (866) 372-0348 facsimile
      djensen@dalejensenlaw.com
      Counsel for LHF Productions, Inc.

**DALE JENSEN, PLC**
ATTORNEYS AT LAW

4